# COMPOSITE EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Andrenita Haddad**<br>         Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST**<br>         Movant<br><br>v.<br><br>**Andrenita Haddad**<br>         Debtor/Respondent<br><br>**KENNETH E. WEST**<br>         Trustee/Respondent | **Bankruptcy No. 20-12890-mdc**<br><br>**Chapter 13** |

## STIPULATION RESOLVING CERTIFICATION OF DEFAULT

Secured creditor, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, and Andrenita Haddad, "Debtor(s)" by and through their respective attorneys, hereby stipulate as follows:

**I.     BACKGROUND:**

1. On June 5, 2008, Andrenita Haddad, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $310,000.00.

2. The Mortgage was recorded on July 31, 2008, with the Bucks County Recorder of Deeds.

3. The Mortgage was secured as a lien against the property located in Bucks County commonly known as 128 Knights Bridge Drive, Yardley, PA, 19067 (the "Property").

4. The Note and Mortgage were lastly assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST.

5. Debtor(s) has defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow. As of February 14, 2024, the post-petition arrearage owed to Movant is $17,951.51 and consists of five monthly mortgage payments at $3,608.63 less a suspense balance of $91.64.

6. Thus, Debtor(s)'s post-petition arrearage currently totals the sum of $17,951.51.

7. Debtor(s) further acknowledges that additional payments of principal, interest and escrow currently in the amount of $3,608.63, per month shall become due under the Note and Mortgage on the first of each successive month, beginning March 1, 2024 until the Note is paid in full. Debtor(s) acknowledges that the monthly payment is subject to change and is responsible for same.

8. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, and Debtor(s) desire to resolve Debtor(s)'s post-petition arrearage in accordance with the set forth terms below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Debtor(s) confirms and acknowledges his obligations to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, under the Note and Mortgage.

10. Debtor(s) further confirms and acknowledges his failure to make the post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

11. Debtor(s) further confirms and acknowledges his obligations to make the regular post-petition payments of principal and interest going forward from March 1, 2024 as set forth above in paragraph 7.

12. Debtor(s) will be required to cure the remaining arrearage of $17,951.51 by making payments to

Movant in the amount of $3,608.63 for the next four consecutive months, to be tendered on or before the fifteenth (15th) day of each month beginning March 15, 2024 with a 5th and final payment to be made in the amount of $3,516.99 on or before July 15, 2024. Payments should be made to:

> Selene Finance, LP
> Attn: BK Dept
> 3501 Olympus Boulevard
> Dallas Texas  75019

13. In the event that Debtor(s) converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor(s) fail to cure the arrearage, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, will send Debtor(s)'s counsel a written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor(s) should default on his obligations under this Stipulation by failing to comply with the provisions as set forth above in paragraph 11 and/or tender in full any of the payments described in paragraph 12, on or before the dates on which they are due, then U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, its successors and/or assigns shall serve Debtor(s)' Attorney by fax, e-mail and/or regular mail, with written notification of default. In the event that Debtor(s) fails to cure the default within fifteen (15) days of the date of the written notification, then, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor(s) or the Order of this Court.

15. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

16. Additionally, Debtor(s) agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor(s) agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

17. Neither U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST's acceptance of any payments tendered by Debtor(s) shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST's right to proceed with or commence a foreclosure other legal action against Debtor(s) under this Stipulation; however, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, agrees to credit Debtor(s)' account for any payments made by Debtor(s) in accordance with this Stipulation, the Note and/or Mortgage.

18. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

19. Debtor(s) hereby certifies and confirms that he has reviewed the terms of the Stipulation with his Counsel that Debtor(s) understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor(s) to sign this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Michelle L. McGowan     Date: 3/18/2024
Michelle L. McGowan
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 62414
13010 Morris Rd.
Suite 450
Alpharetta, GA 30004
Email: mimcgowan@raslg.com
*Attorney for Movant*

/s/ Brad J. Sadek _____ *with express permission*
BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

NO OPPOSITION:

/s/ LeeAne O. Huggins *with express permission*
KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Andrenita Haddad**<br>　　Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST**<br>　　Movant<br><br>v.<br><br>**Andrenita Haddad**<br>　　Debtor/Respondent<br><br>**KENNETH E. WEST**<br>　　Trustee/Respondent | **Bankruptcy No. 20-12890-mdc**<br><br>**Chapter 13** |

## ORDER OF COURT

AND NOW, this ___ day of _____, 2024, upon consideration of the foregoing Stipulation Resolving the Certification of Default, it is hereby ORDERED that the Stipulation is approved.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Hon. Magdeline D. Coleman
　　　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Court Chief Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| In re: | |
|---|---|
| **Andrenita Haddad**<br>          Debtor<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST**<br>          Movant<br><br>v.<br><br>**Andrenita Haddad**<br>          Debtor/Respondent<br><br>**KENNETH E. WEST**<br>          Trustee/Respondent | Bankruptcy No. 20-12890-mdc<br><br>Chapter 13 |

## ORDER OF COURT

AND NOW, this 19th day of March, 2024, upon consideration of the foregoing Stipulation Resolving the Certification of Default, it is hereby ORDERED that the Stipulation is approved.

*Magdeline D. Coleman*
_____
Hon. Magdeline D. Coleman
U.S. Bankruptcy Court Chief Judge

# EXHIBIT "B"



| James Robertson, Esquire | Everett Anschutz, Esquire | David J. Schneid, Esquire | John Crane, Esquire |
|---|---|---|---|
| Member of Texas Bar | Member of Texas Bar | Member of Florida Bar | Member of Texas Bar |

June 11, 2024

Debtor
Andrenita Haddad
128 Knights Bridge Drive
Yardley, PA 19067

Debtor's Attorney
Brad J. Sadek
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102

VIA EMAIL AND U.S. MAIL

RE: Notice of Default for Haddad; Case No: 20-12890-PMM

Dear Sir/Madam,

I represent U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST the servicer for mortgage on your client's property located at 128 Knightsbridge Dr., Yardley, PA 19067. Please consider this letter a Notice of Default under the terms of the Stipulation with respect to the Motion for Relief. (DE 115) ("Stipulation").

According to our client's records, the Debtor has not made the following mortgage payment pursuant to the Stipulation. In accordance with the Stipulation, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, hereby provides notice demanding the default be cured within fifteen (15) days of the date of this notice.

The breakdown of the Debtor's default is as follows:

Payments Due:

| | |
|---|---|
| Stip Payments Past Due – 4/15/2024 – 5/15/2024 @ $3,608.63/month | $7,217.26 |
| Regular Payments Past Due – 5/01/2024 @ $3,608.63/month | $3,608.63 |
| Suspense Balance | $474.11 |

| **Total Amount Due to Cure Default:** | $10,351.78 |
|---|---|

The address where payments should be sent is:

**Selene Finance, LP**
**3501 Olympus Boulevard**
**Dallas Texas  75019**

Pursuant to the Stipulation, failure to cure this default within fifteen (15) days from the date of this notice will result in U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, filing an order terminating the automatic stay.

Please notify me once the payment has been sent, and please provide me with proof of the payment as well. Should you have any further questions, please feel free to contact me.

Sincerely,

/s/ Michelle L. McGowan

| Loan Number | 94015856 | | | Payment Change | | | | |
|---|---|---|---|---|---|---|---|---|
| Case# | 20-12890 | | Effective Date | 4/1/2021 | 12/1/2022 | 10/1/2023 | | |
| BK Filed Date | 7/3/2020 | | Amount | $3,659.98 | $3,734.18 | $3,608.63 | | |
| Borrower | Andrenita Haddad | | | | | | | |

## AGREED ORDER TRACKING

| Entered: | 03/18/24 |
|---|---|
| Regular Payments Resume: | 03/01/24 |
| Arrears Repayment Terms: | Total arrears $17,951.51 to be paid in 5 stip payments |
| Strict Compliance Terms: | |

| Date Received | Amount Received | Amount Applied to Reg Pmt | Regular Payment Date | Amount Applied to Add Pmt | Add Pmt Date | To/From AO Suspense | AO Suspense Balance | AO Balance |
|---|---|---|---|---|---|---|---|---|
| | | | | | | $0.00 | $0.00 | $17,951.51 |
| 2/22/2024 | $3,700.00 | $3,608.63 | 03/01/24 | | | $91.37 | $91.37 | $17,951.51 |
| 2/27/2024 | $800.00 | | | | | $800.00 | $891.37 | $17,951.51 |
| 2/28/2024 | $3,000.00 | | | $3,608.63 | 03/15/24 | -$608.63 | $282.74 | $14,342.88 |
| 4/1/2024 | $3,800.00 | $3,608.63 | 04/01/24 | | | $191.37 | $474.11 | $14,342.88 |
| | | | | | | $0.00 | $474.11 | $14,342.88 |
| | | | | | | $0.00 | $474.11 | $14,342.88 |
| | | | | | | $0.00 | $474.11 | $14,342.88 |
| | | | | | | $0.00 | $474.11 | $14,342.88 |

| | Type | Date | Amount |
|---|---|---|---|
| Due For: | Stip | 04/15/24 | $3,608.63 |
| | Reg | 05/01/24 | $3,608.63 |
| | Stip | 05/15/24 | $3,608.63 |
| | | | |
| | | | |
| | | | |
| | Suspense | | -$474.11 |
| | TOTAL | | $10,351.78 |

### To Be Paid By Debtor
#### AGREED ORDER ARREARS
**Payments**

| From | To | Payment Amount | Total |
|---|---|---|---|
| 10/10/23 | 02/01/24 | $3,608.63 | $18,043.15 |
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| **Total Payments in Arrears** | | | **$18,043.15** |

**Fees/Costs**

| | Amount |
|---|---|
| Atty Fees/Costs | |
| Property Inspections | |
| Late Charges | |
| NSF | |
| Western Union Fees | |
| Appraisal | |
| Other | |
| **Total Fees/Costs** | **$0.00** |
| **Less Suspense Balance** | **$91.64** |
| **AGREED ORDER TOTAL** | **$17,951.51** |

### To Be Paid By Trustee
#### AGREED ORDER ARREARS
**Payments**

| From | To | Payment Amount | Total |
|---|---|---|---|
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| **Total Payments in Arrears** | | | **$0.00** |

**Fees/Costs**

| | Amount |
|---|---|
| Atty Fees/Costs | |
| Property Inspections | |
| Late Charges | |
| NSF | |
| Western Union Fees | |
| Appraisal | |
| Other | |
| **Total Fees/Costs** | **$0.00** |
| **Less Suspense Balance** | |
| **AGREED ORDER TOTAL** | **$0.00** |